Rozik HASHEMIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73697.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

* The panel unanimously finds this case suitable

Rozik Hashemian, Glendale, CA, for Petitioner.

NVL-District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Rozik Hashemian, a native and citizen of Iran, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the BIA's decision as well as the IJ's decision, to the extent it was adopted by the BIA. *See Paramasamy v. Ashcroft,* 295 F.3d 1047, 1050 (9th Cir.2002). We review for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's factual determination that Hashemian did not meet her burden of establishing that she had timely filed her asylum application. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1221 (9th Cir.2005) (we have jurisdiction to review

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

determinations regarding the one-year asylum bar only "insofar as a petition for review raises constitutional claims or questions of law").

 The BIA and IJ's determination that Hashemian was not credible, and therefore failed to meet her burden of proof for withholding of removal and CAT relief, was supported by specific, cogent reasons that went to the heart of Hashemian's claim. For example, the IJ noted that Hashemian submitted a counterfeit birth certificate, *see Desta v. Ashcroft,* 365 F.3d 741, 744–45 (9th Cir.2004) (upholding adverse credibility finding based in part on the possibility that documents submitted by petitioner were fraudulent), and that Hashemian's testimony was inconsistent with a court summons she submitted, *see Pal v. INS,* 204 F.3d 935, 938 (9th Cir. 2000) (upholding adverse credibility finding based in part on discrepancies between documentary evidence and testimony). Moreover, we give special deference to the IJ's demeanor finding. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). Consequently, we are not compelled to find that Hashemian's testimony is credible. *See id.* at 1153. As such, Hashemian has failed to show eligibility for withholding or CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**